UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANTHONY H. BAPTISTE,

                      Plaintiff,

   v.                                             9:22-CV-1326
                                                        (BKS/TWD)

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                      Defendants.

---

APPEARANCES:

ANTHONY H. BAPTISTE
Plaintiff, pro se
18-A-0067
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 1258

BRENDA K. SANNES
Chief United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

The Clerk has sent to the Court for review a pro se civil rights complaint filed by plaintiff Anthony H. Baptiste ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement with the New York State Department of Corrections and Community Supervision ("DOCCS"). *See* Dkt. No. 1 ("Compl."). Plaintiff, who is presently confined at Green Haven Correctional Facility ("Greene Haven C.F."), paid the full statutory filing fee.

1

## II. SUFFICIENCY OF COMPLAINT

### A. Standard of Review

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."[1]  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"  *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.

The Court will construe the allegations in the complaint with the utmost leniency.  *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

**B.  Summary of Complaint[2]**

The following facts are set forth as alleged by plaintiff in his complaint.

On January 24, 2018, while plaintiff was confined at Downstate Correctional Facility ("Downstate C.F."), he submitted a request for dental treatment.  Compl. at 3.  Defendant Dentist John Doe ("Dentist Doe") examined plaintiff's teeth and ordered x-rays.  *Id*.  Dentist Doe did not "inform" plaintiff that his symptoms; i.e. bleeding gums and sensitivity, "are signs" of progressive periodontitis.  *Id*.  Dentist Doe explained that Downstate C.F. was a "holding

---

[2] On February 13, 2023, plaintiff filed a letter that the Court construes as a supplement to the complaint.  Dkt. No. 6.  The Clerk of the Court is directed to attach the submission at Dkt. No. 6 to the complaint (Dkt. No. 1).  This shall be the operative pleading.

3

facility" and therefore, plaintiff would receive proper dental care when he was assigned to a permanent facility. *Id*. Plaintiff remained at Downstate C.F. for two months. Compl. at 3.

Plaintiff was transferred to Clinton Correctional Facility ("Clinton C.F.") and treated by defendant Dental Assistant L. Jerdo ("Jerdo"). Compl. at 3. Plaintiff complained of sensitivity and bleeding gums. *Id*. at 3-4. Jerdo did not diagnose plaintiff with periodontitis or refer him to a dentist. *Id.* at 4.

On November 30, 2018, plaintiff was scheduled to be seen by defendant RDH G. Clark ("Clark"). Compl. at 4. However, that morning, the inmates were advised that all dental "callouts" were cancelled by either Clark of defendant John/Jane Doe, "personnel at Clinton C.F. authorized to cancel or reschedule dental callouts." *Id.* Plaintiff's appointment was not rescheduled. *Id*.

On December 24, 2021, plaintiff was transferred to Green Haven C.F. Compl. at 5. On April 11, 2022, a dentist examined plaintiff, reviewed his 2018 x-ray, and diagnosed him with progressive periodontitis. *Id.*

Construed liberally[3], the complaint contains Eighth Amendment deliberate medical indifference claims and state law claims against Dentist Doe, Jerdo, Clark, and John/Jane Doe. *See* Compl. at 3, 4; Dkt. No. 6. Plaintiff seeks monetary damages. *See* Compl. at 7. For a complete statement of plaintiff's claims and the facts he relies on in support of those

---

[3] The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests. *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

claims, reference is made to the complaint.

### C. Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz,* No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III. DISCUSSION

### A. Eleventh Amendment

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit.  *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009).  It is well-settled that Congress did not abrogate states'

immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint.  *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. State of New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996).

In addition, state immunity extends not only to the states, but also to state agencies. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47 (1993); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"); *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 414 (2d Cir. 1999) ("An official arm of the state enjoys the same Eleventh Amendment immunity from suit in federal court as is enjoyed by the state itself.").

Accordingly, plaintiff's claims against DOCCS and Clinton C.F. are dismissed, with prejudice, pursuant to 28 U.S.C. § 1915A(b) as barred by the Eleventh Amendment.  *See Sanchez v. City of New York*, 736 Fed. App'x 288, 290 (2d Cir. 2018) (dismissing claims against DOCCS based upon sovereign immunity); *see Simmons v. Gowanda Corr. Fac.*, No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself") (quoting *Posr.* 180 F.3d at 411); *Millhouse v. New York State Dep't of Corr. Servs*., No. 9:09-CV-1297 (LEK/RFT), 2009 WL 10675929, at *3 (N.D.N.Y. Dec. 31, 2009) ("[A] state correctional facility, which has no separate legal existence, is generally referred to as a "branch" of DOCS

6

and, as such, is immune from § 1983 liability.").

### B. Eighth Amendment - Deliberate Medical Indifference

Claims that prison officials have intentionally disregarded an inmate's medical needs fall under the umbrella of protection from the imposition of cruel and unusual punishment afforded by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102, 104 (1976). The Eighth Amendment prohibits punishment that involves the "unnecessary and wanton infliction of pain" and is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Id*.; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986). While the Eighth Amendment does not mandate comfortable prisons, neither does it tolerate inhumane treatment of those in confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove 'deliberate indifference to [his] serious medical needs.' " *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*, 429 U.S. at 104). "First, the alleged deprivation must be, in objective terms, sufficiently serious." *Id*. (internal quotation marks and citations omitted). Addressing the objective element, to prevail a plaintiff must demonstrate a violation sufficiently serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," *Chance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see*

7

*also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

Even assuming, for the purposes of this initial review, that plaintiff's condition qualified as a serious medical need, plaintiff has failed to plead facts suggesting that defendants acted with the necessary culpable state of mind.

### 1. Dentist Doe and Jerdo

As set forth in the complaint, plaintiff was provided with an opportunity to explain his dental concerns to Dentist Doe and Jerdo. Dentist Doe and Jerdo examined plaintiff and Dentist Doe ordered x-rays. Even accepting plaintiff's argument that Dentist Doe and Jerdo failed to properly diagnose plaintiff's condition, the protections afforded by the Eighth Amendment do not extend to medical malpractice. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. Stated another way, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id*.; *see also Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Plaintiff does not allege that he requested, and was denied, treatment by Dentist Doe or Jerdo. Indeed, the complaint lacks any facts suggesting that defendants acted with culpable intent. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("A showing of medical malpractice is . . . insufficient to support an Eighth Amendment

8

claim unless the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm.") (internal quotation marks omitted).

With respect to plaintiff's claim that Jerdo failed to refer him to a "competent" dentist, *see* Compl. at 4, it is well settled that inmates "do not have a right to choose a specific type of treatment." *Veloz v. New York*, 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004); *see also Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) ("[m]edical treatment was provided to [the plaintiff] and there is no evidence to support a finding that any of the defendants ignored any serious medical need"). "[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 312 (S.D.N.Y. 2001). In this instance, Jerdo's decision to refuse to refer plaintiff to a dentist is not a violation of a constitutional right. *See Rowland v. Hildreth,* No. 92 Civ. 6140, 1993 WL 287646, at *12 (S.D.N.Y. July 27, 1993).

Thus, the Eighth Amendment medical indifference claims against Dentist Doe and Jerdo are dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### 2. Clark and John/Jane Doe

"Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under [Section] 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (citing *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)); *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). As the Supreme Court has noted,

9

a defendant may only be held accountable for his actions under Section 1983. *See Iqbal*, 556 U.S. at 683 ("[P]etitioners cannot be held liable unless they themselves acted on account of a constitutionally protected characteristic."). In order to prevail on a Section 1983 cause of action against an individual, a plaintiff must show "a tangible connection between the acts of a defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). This is true even for supervisory officials. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("There is no special rule for supervisor liability."). "[A] plaintiff must plead and prove 'that each Government-official defendant, [including supervisors,] through the official's own individual actions, has violated the Constitution.' " *Tangreti*, 983 F.3d at 618 (quoting *Iqbal*, 556 U.S. at 676).

As presently plead, the complaint is devoid of factual, nonconclusory allegations suggesting defendants' personal involvement in plaintiff's medical care. Plaintiff asserts Clark and John/Jane Doe "should have been aware" that plaintiff was suffering from progressive periodontitis because the symptoms "were mentioned in my requests to see a dentist[.]" Compl. at 4. However, there is no plausible basis for inferring that Clark and John/Jane Doe were personally involved in plaintiff's medical care. Indeed, plaintiff does not allege that he was treated, requested, or was denied treatment by Clark or John/Jane Doe. Moreover, while plaintiff claims "either" Clark or John/Jane Doe canceled his appointment, the allegation is conclusory and vague. *Id.* Plaintiff alleges the announcement that all callouts were canceled was made by the "main Officer at [his] living quarters at the time[.]" *Id.* Indeed, the complaint does not include any facts that would allow the Court to infer that plaintiff interacted with Clark or John/Jane Doe, in any manner.

10

Accordingly, plaintiff's Eighth Amendment claims against Clark and John/Jane Doe are dismissed without prejudice pursuant to 28 U.S.C. § 1915(A) for failure to state a claim.

### C. State Law Claim

Plaintiff asserts a claim for "periodontal malpractice." Dkt. No. 6 at 2. However, in light of the dismissal of plaintiff's Eighth Amendment claims, and given the early stage of the case, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claim at this juncture. *See* 28 U.S.C. § 1367(c)(3); *Valencia v. Sung M. Lee*, 316 F.3d 299, 306 (2d Cir. 2003). In the event plaintiff amends the complaint to state a valid Eighth Amendment claim, the Court will exercise jurisdiction over his state law claims.

### D. Leave to Amend

Plaintiff's complaint fails to state one or more claims upon which relief may be granted by this Court. However, in light of his pro se status, plaintiff will be afforded the opportunity to file an amended complaint consistent with this decision. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Any amended complaint filed by plaintiff must bear his original signature, and must be a complete pleading which will supersede and replace the amended complaint in its entirety. Plaintiff must name one or more defendants, and must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated plaintiff's constitutional rights.

Plaintiff is forewarned that, if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim

upon which relief may be granted.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk of the Court is directed to attach the submission at Dkt. No. 6 to the complaint (Dkt. No. 1); and it is further

**ORDERED** that if plaintiff wishes to proceed with this action, he must file an amended complaint as set forth above within **thirty (30) days** from the date of the filing of this Decision and Order; and it is further

**ORDERED** that if plaintiff timely files an amended complaint, this matter be returned to the Court for further review; and it is further

**ORDERED** that if plaintiff fails to timely file an amended complaint as directed above, the Clerk shall enter judgment indicating that this action is **DISMISSED** without prejudice without further order of this Court pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and for failure to comply with this Decision and Order. In that event, the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules of Practice.

Dated: February 23, 2023
      Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge