UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

ANTHONY H. BAPTISTE,

                                        Plaintiff,

            v.                                              9:22-CV-1326
                                                            (BKS/TWD)

NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION, et al.,

                                        Defendants.

_____

APPEARANCES:

ANTHONY H. BAPTISTE
Plaintiff, pro se
18-A-0067
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

BRENDA K. SANNES
Chief United States District Judge

**DECISION and ORDER**

I.      **INTRODUCTION**

        Pro se plaintiff Anthony H. Baptiste ("plaintiff") commenced this action by filing a civil

rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983").  Dkt. No. 1 ("Compl.").  In the

complaint, plaintiff asserted Eighth Amendment claims related to his confinement with the

New York State Department of Corrections and Community Supervision ("DOCCS").  *See*

*generally* Compl.

        By Decision and Order filed February 23, 2023 (the "February Order"), the Court

dismissed the complaint pursuant to 28 U.S.C. § 1915A, for failure to state a claim upon

which relief could be granted.  Dkt. No. 7.  In light of his pro se status, plaintiff was afforded

an opportunity to amend his complaint.  *Id.*  Plaintiff's amended complaint is now before the

Court for review.  Dkt. No. 8 ("Am. Compl.").

## II.    SUFFICIENCY OF AMENDED COMPLAINT[1]

### A. Summary of Amended Complaint

In the caption and list of parties, plaintiff identifies Dentist John Doe, L. Jerdo

("Jerdo"), and Officer John Doe as defendants.  *See* Am. Compl. at 1-2.  The allegations in

the amended complaint are substantially the same as those in the complaint reviewed in the

February Order.  *Compare* Compl., *with* Am. Compl.  Additionally, the amended complaint

contains the same requests for relief.  *See id.*

### B. Eighth Amendment Claims

The law related to Eighth Amendment deliberate medical indifference claims was

discussed in the February Order and will not be restated herein.  *See* Dkt. No. 7 at 7-8.

In the February Order, the Court dismissed the Eighth Amendment claims against

Dentist Doe and Jerdo and reasoned:

> Plaintiff does not allege that he requested, and was denied,
> treatment by Dentist Doe or Jerdo.  Indeed, the complaint lacks
> any facts suggesting that defendants acted with culpable intent.
> *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("A
> showing of medical malpractice is . . . insufficient to support an
> Eighth Amendment  claim unless the malpractice involves
> culpable recklessness, i.e., an act or a failure to act by the
> prison doctor that evinces a conscious disregard of a substantial
> risk of serious harm.") (internal quotation marks omitted).

---

[1]  The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) was discussed at length in the February Order and will not be restated here.  *See* Dkt. No. 7 at 2-4.

2

> With respect to plaintiff's claim that Jerdo failed to refer him to a "competent" dentist, *see* Compl. at 4, it is well settled that inmates "do not have a right to choose a specific type of treatment." *Veloz v. New York*, 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004); *see also Wright v. Conway*, 584 F.Supp.2d 604, 607 (W.D.N.Y. 2008) ("[m]edical treatment was provided to [the plaintiff] and there is no evidence to support a finding that any of the defendants ignored any serious medical need"). "[D]isagreements over medications, diagnostic techniques (e.g., the need for X-rays), forms of treatment, or the need for specialists . . . are not adequate grounds for a section 1983 claim." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F.Supp.2d 303, 312 (S.D.N.Y. 2001). In this instance, Jerdo's decision to refuse to refer plaintiff to a dentist is not a violation of a constitutional right. *See Rowland v. Hildreth*, No. 92 Civ. 6140, 1993 WL 287646, at *12 (S.D.N.Y. July 27, 1993).

Dkt. No. 7 at 8-9.

The Court has reviewed the amended complaint and finds that plaintiff has failed to remedy the pleading deficiencies identified in the February Order.  Thus, the Eighth Amendment medical indifference claims against Dentist Doe and Jerdo are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

In the February Order, the Court also dismissed the deliberate medical indifference claims against Officer John Doe concluding that the complaint was devoid of factual, nonconclusory allegations suggesting that Officer Doe was personally involved in plaintiff's medical care.  Dkt. No. 7 at 9.   The Court also found that, while plaintiff claimed Doe canceled his appointment, "the allegation is conclusory and vague." *Id*.

In an attempt to remedy the deficiencies in this claim, plaintiff now alleges that Doe, the officer assigned to his living quarters, "made an announcement [that] the '[d]ental callouts are cancelled.' "  Am. Compl. at ¶ 7.

Non-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the prison personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed. *See Banks v. No. 8932 Corr. Officer*, No. 11-CV-8359, 2013 WL 673883, at *4 (S.D.N.Y. Feb. 25, 2013) ("A prison guard's deliberate indifference to a serious medical need of a prisoner means intentionally denying or delaying access to medical care or intentionally interfering with medical treatment once it was prescribed."); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (noting that deliberate indifference may be manifested when prison guards intentionally deny or delay access to medical care).

Upon review, the Court finds that plaintiff has failed to plausibly plead that Officer Doe was deliberately indifferent to his serious mental health needs.  The amended complaint lacks facts suggesting that Officer Doe acted with a culpable state of mind or that he knew that plaintiff suffered from a serious medical condition.  While plaintiff claims that Officer Doe "announced" the cancellation, plaintiff does not allege that he had any conversation with Officer Doe about the cancellation, that he told Officer Doe that he was in extreme pain, or that he requested medical treatment from Officer Doe. *Cf. Hoover v. Hardman*, No. 99-CV-1855 (FJS), 2005 WL 1949890, at *6 (N.D.N.Y. Aug. 15, 2005) (finding an issue of fact where the plaintiff claimed that the defendant delayed his access to medical care with the knowledge that the plaintiff was in extreme pain).

Thus, the Eighth Amendment medical indifference claim against Officer Doe is dismissed pursuant to 28 U.S.C. § 1915A(b) f or failure to state a claim upon which relief may be granted.

**III.     CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 8) is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915A(b)(1); and it is further

**ORDERED** that the Clerk shall enter judgment accordingly; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff by in accordance with the Local Rules of Practice.

Dated: <u>April 10, 2023</u>

Brenda K. Sannes
Chief U.S. District Judge

5